IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,015-01 and WR-75,015-02






STATE OF TEXAS EX REL. PATRICIA R. LYKOS, Relator



v.



THE HONORABLE KEVIN FINE, Respondent









ON MOTION FOR LEAVE TO FILE PETITION FOR WRIT OF PROHIBITION
AND PETITION FOR WRIT OF MANDAMUS FROM CAUSE NO. 1170853 IN
THE 177TH DISTRICT COURT

HARRIS COUNTY




 Per Curiam. Meyers, J., would grant.


O R D E R



 We have before us a motion for leave to file a petition for writ of prohibition and a
petition for writ of mandamus.

 The record shows that the real party in interest and defendant John Edward Green, Jr.,
was charged by indictment with the capital murder, and the State (relator) gave notice of its
intent to seek the death penalty. The case was docketed as cause number 1170853 and
assigned to the 177th District Court of Harris County, the Honorable Kevin Fine (respondent),
presiding. The defendant filed a motion to declare Texas Code of Criminal Procedure Article
37.071 unconstitutional. On March 4, 2010, respondent granted that motion. However,
respondent subsequently withdrew his ruling on that motion and ordered an evidentiary
hearing to be held, which hearing is scheduled for December 6, 2010. According to relator,
during the hearing, "[r]espondent is to preside over the litigation of the actual innocence of
a Texas capital murder defendant [who] has been executed. The substance of the evidentiary
hearing is to provide the basis for the [r]espondent's ruling on the defense motion to hold the
Texas death penalty unconstitutional." 

 According to the title of his amended motion, the defendant is challenging the
constitutionality of Article 11.071 as it applies to him in his situation. In Paredes v. State,
129 S.W.3d 530, 540 (Tex. Crim. App. 2004), Paredes made a similar challenge to the
constitutionality of Texas Code of Criminal Procedure Article 37.071. In our opinion, we
recognized that while the "execution of an innocent person would violate due process, the
risk that another person who may be innocent will be executed does not violate appellant's
due process rights." Thus, it appears that much of the "evidence" respondent seems to want
presented at this hearing is not relevant to the question at issue. However, because we cannot
know whether relevant evidence will be presented, we find that relator's request that this
Court order respondent to withdraw his order setting a hearing is premature and currently
without a basis. 

 Similarly, relator's request that this Court order respondent to deny the defendant's
motion to declare Article 37.071 unconstitutional and to allow the State to proceed with the
death penalty prosecution is also premature because we do not know now exactly what the
trial judge will be ruling on. 

 Without more, relator has failed to meet its burden to show a ministerial duty or a
clear right to relief. Therefore, we deny leave to file. 

 IT IS SO ORDERED THIS THE 29th DAY OF NOVEMBER, 2010.


Do Not Publish